**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tracy O. Dumas, | No. CV-09-1240-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| American International Specialty Lines Insurance Company, | |
| Defendant. | |

The court has before it defendant's motion to dismiss (doc. 8), plaintiff's response (doc. 15), and defendant's reply (doc. 16).

Circle K Stores, Inc. operates convenience stores and retail gasoline outlets throughout Arizona, including a store at 4502 North 19th Avenue in Phoenix. As part of its gasoline operations, Circle K owns three underground petroleum storage tanks at its 19th Avenue store. Ryan Dumas was employed by Circle K as a vapor recovery technician. As part of his job, Ryan descended into an underground storage tank in order to conduct an inspection. While he was working in the storage tank, toxic fumes were released and Ryan died of asphyxiation. Tracy Dumas, the personal representative of Ryan's estate ("plaintiff"), filed a wrongful death action against Circle K in state court. The state court dismissed the case concluding that, because plaintiff had accepted worker's compensation benefits, he was

barred by the exclusive remedy provided by Arizona's worker's compensation law. See A.R.S. § 23-1022(A). Plaintiff then filed the present action against Circle K's insurer, American International Specialty Lines Insurance Company, asserting diversity jurisdiction and alleging state law claims of breach of insurance contract and bad faith.

Generally, an accident victim has no direct cause of action against the tortfeasor's insurance company. Maricopa County v. Barfield, 206 Ariz. 109, 112, 75 P.3d 714, 717 (Ct. App. 2003); Ring v. State Farm Mut. Auto. Ins. Co., 147 Ariz. 32, 35, 708 P.2d 457, 460 (Ct. App. 1985) (holding that an injured plaintiff is a stranger to the contractual and fiduciary relationship between the insurer and its insured). Therefore, absent contractual or statutory authority, plaintiff's present cause of action must be dismissed. Plaintiff contends that the Hazardous and Solid Waste Amendment of 1984, 42 U.S.C. §§ 6991-6991m ("HSWA"), provides that statutory authority.

The HSWA requires owners and operators of underground storage tanks to maintain evidence of financial responsibility for taking corrective action and compensating third parties for bodily injury and property damage caused by accidental releases arising from the operation of underground storage tanks. 42 U.S.C. § 6991b(c)(6).[1] An owner or operator can satisfy its financial responsibility by several methods, including "insurance, guarantee, surety bond, letter of credit, [or] qualification as a self-insurer." Id. § 6991b(d)(1). Circle K met its statutory obligation by obtaining an insurance policy issued by American International, which provided liability coverage for bodily injury and property damage to third persons caused by accidental releases from covered underground storage tanks (the "Policy").

The HSWA allows an injured party to bring a direct action against the "guarantor providing such evidence of financial responsibility," but only if the injured party cannot obtain jurisdiction over the owner/operator in state or federal court. Id. § 6991b(d)(2).

---

[1] Arizona's regulation of underground storage tanks is substantially similar to the federal regulatory scheme. See A.R.S. § 49-1001, et seq.

- 2 -

"Guarantor" for purposes of § 6991b(d) is defined as "any person . . . who provides evidence of financial responsibility for an owner or operator." 42 U.S.C. § 6991b(d)(4). Plaintiff contends that because he is foreclosed from bringing an action against Circle K, as evidenced by the dismissal of his state court action, he cannot obtain jurisdiction over the owner in state or federal court and therefore his "direct action" against American International is authorized by the HSWA.

American International counters that it is not a "guarantor" and therefore is not subject to a direct action. It relies on the definition of "guarantor" in the regulations relating to the use of a "guarantee" as the method of evidencing financial responsibility. In that instance, a "guarantor" is defined as "a firm that possesses a controlling interest in the owner or operator," or is "a firm engaged in a substantial business relationship with the owner or operator." 40 C.F.R. § 280.96(a). While American International may fit within the broader use of the term "guarantor" in § 6991b(d), it would not fit within the definition of "guarantor" under the regulations. We need not resolve the apparent inconsistencies in these definitions, however, because we conclude that even if American International is a "guarantor," plaintiff's direct action is prohibited because plaintiff can assert his claim against Circle K in the Industrial Commission and then in state court and because his claim is precluded by the language of the Policy itself.

Worker's compensation claims are properly presented to the Industrial Commission, and decisions by the Commission are subject to judicial review. Kaibab Indus. v. Indus. Comm'n, 196 Ariz. 601, 607, 2 P.3d 691, 697 (Ct. App. 2000) ("Contingent upon judicial review, the Industrial Commission of Arizona establishes the full measure of a petitioner's rights according to Arizona law."); A.R.S. § 23-921(A) (the Industrial Commission "is charged with . . . the adjudication of claims for compensation"); A.R.S. § 23-951(A) (an aggrieved party may apply to the court of appeals for a writ of certiorari to review a decision by the Industrial Commission). Because plaintiff can obtain jurisdiction over Circle K in the Industrial Commission and then in state court, a direct action against a "guarantor" is not available under the HSWA.

Even if a direct action was authorized, however, plaintiff's claim is precluded by the language of the Policy itself. The HSWA regulations provide that available insurance coverage is properly "subject to the limits of liability, exclusions, conditions, and other terms of the policy." 40 C.F.R. § 280.97(b). The American International policy expressly excludes from coverage "bodily injury to an Insured [including employees of an Insured] or its parent, subsidiary or affiliate *arising out of and in the course of employment* by the Insured or its parent, subsidiary or affiliate." Motion, exhibit A at 3 (emphasis added). It is undisputed that Ryan Dumas was employed by Circle K and was acting within the scope of his employment at the time of his death. Therefore, the Policy's employee exclusion precludes coverage for plaintiff's claim.

Moreover, 42 U.S.C. § 6991b(d)(2) provides that in any "direct action," a "guarantor" may "invoke all rights and defenses which would have been available to the owner or operator if any action had been brought against the owner or operator by the claimant and which would have been available to the guarantor if an action had been brought against the guarantor by the owner or operator." In other words, the guarantor has no greater liability than that of the owner/operator. Here, Circle K could assert that plaintiff's claim is barred by Arizona's worker's compensation law. Similarly, American International relies on its Policy's corresponding exclusion for employee claims.

Plaintiff argues that the Policy's employee exclusion provision is invalid because it contravenes the statutory mandate that the insurer cover liability "to third parties for bodily injury." But Ryan Dumas is not a third party in relation to the Policy. He is an employee of the insured.[2] The rulemaking history makes clear that the HSWA is not intended to supplant the exclusive remedy of worker's compensation laws. Instruments evidencing financial responsibility under the HSWA may properly exclude certain "standard exclusions found in insurance coverage, . . . [such as] obligations under workers' compensation, disability

---

[2] The Policy includes within the definition of "Insured" an "employee . . . acting within the scope of his or her duties." Motion, exhibit A at 10.

benefits, or unemployment compensation law." Underground Storage Tanks—Financial Responsibility Requirements, 53 Fed. Reg. 43322, 43361-62 (Oct. 26, 1988) (agency commentary on final rule). The HSWA implementing regulations also recognize, for example, that a guarantor's obligation does not apply to "bodily injury to an employee of [the owner or operator] arising from, and in the course of, employment by [the owner or operator]." 40 C.F.R. § 280.96(c)(8)(b). The inclusion of an identical exemption in the Policy does not contravene the purpose or mandate of the HSWA.

In sum, we hold that plaintiff's direct action against American International is not authorized by the HSWA because plaintiff can obtain jurisdiction over Circle K in the Industrial Commission and then in state court. Moreover, even if a direct action was available, plaintiff's claim is precluded by the employee exclusion provision in the Policy.

**IT IS ORDERED GRANTING** defendant's motion to dismiss (doc. 8).

It is further ordered vacating the Rule 16 conference set for December 4, 2009.

DATED this 24th day of November, 2009.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge